IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHIONOGI PHARMA, INC. and CIMA LABS INC., <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., <br><br> Defendant. | C.A. No. 10-1077-MMB <br><br> **REDACTED VERSION D.I. 69** |

**PLAINTIFFS' RESPONSE TO MYLAN PHARMACEUTICALS INC.'S MOTION
REGARDING INVENTOR DEPOSITIONS AND ANTITRUST DISCOVERY**

*Of Counsel:*

David A. Manspeizer
Robert J. Gunther, Jr.
WILMERHALE
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
david.manspeizer@wilmerhale.com
robert.gunther@wilmerhale.com
jane.love@wilmerhale.com
anne-marie.yvon@wilmerhale.com

Ryann M. Muir
WILMERHALE
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
ryann.muir@wilmerhale.com
*Attorneys for Plaintiffs / Counter-Defendants
Shionogi Pharma, Inc. and CIMA LABS INC.*

Kristen Healey Cramer (#4512)
Karen R. Poppel (#5373)
CONNOLLY BOVE LODGE AND HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
kcramer@cblh.com
kpoppel@cblh.com
*Attorneys for Plaintiffs / Counter-Defendants Shionogi Pharma, Inc. and CIMA LABS INC.*

J. Mark Gidley
Noah A. Brumfield
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
mgidley@whitecase.com
nbrumfield@whitecase.com
*Attorneys for Plaintiff / Counter-Defendant*
*Shionogi Pharma, Inc. and*
*CIMA LABS INC.*

Dated: September 12, 2011
Redacted Version: September 13, 2011

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. FACTS .......................................................................................................................... 2

III. ARGUMENT ................................................................................................................. 3

    A. Mylan has Failed to Show Cause to Extend Inventor Depositions Beyond the Time Permitted Under the Federal Rules ........................................................... 3

        1. Mylan's Motion is Premature ................................................................... 4

        2. Mylan Requests an Undue Amount of Testimony .................................... 5

        3. Mylan's Position is Inconsistent with Delaware Practice ......................... 6

    B. The Antitrust Issue Mylan Raised In Its Motion is Now Moot ............................. 7

IV. CONCLUSION .............................................................................................................. 8

-ii-

# TABLE OF CITATIONS

<u>Federal Cases</u>

*Abbott Labs. & Abbott Respiratory LLC v. Mylan Inc. & Mylan Pharms., Inc.*, C.A. No. 10-559-SLR ............................................................................................................................. 7

*Baker v. PPL Corp.*,
   2011 WL 1811106 (M.D. Pa. May 12, 2011) .................................................................. 6, 7

*Brooks v. Motsenbocker Advanced Devs., Inc.*,
   2008 WL 2033712 (S.D. Cal. May 9, 2008) ....................................................................... 4

*Cardenas v. Prudential Ins. Co. of America*,
   2003 WL 21302960 (D. Minn. May 16, 2003) ................................................................... 3

*In re Intel Corp. Microprocessor Antitrust Litig.*,
   2008 WL 5377979 (D. Del. Dec. 18, 2008) ........................................................................ 3

*Malec v. Trs. of Boston Coll.*,
   208 F.R.D. 23 (D.D.C. 2002) .............................................................................................. 4

*Pratt v. Archstone Willow Glen Apartments*,
   2009 WL 2032469 (N.D. Cal. July 10, 2009) ..................................................................... 4

*Roberson v. Bair*,
   242 F.R.D. 130 (D.D.C. 2007) ........................................................................................ 3, 4

<u>Federal Rules</u>

Federal Rule of Civil Procedure 30(d) ................................................................................ 1, 3, 4, 6

-1-

## I. INTRODUCTION

Mylan Pharmaceutical Inc.'s ("Mylan") motion to significantly lengthen the duration of inventor depositions is significantly flawed. As an initial matter, Mylan has not shown good cause to extend the depositions of each of the three named inventors of U.S. Patent No. 6,740,341 (the "'341 patent") beyond the seven hours allowed under Federal Rule of Civil Procedure 30(d). Allowing 14 hours for each inventor deposition, as Mylan seeks, would be both unduly burdensome on the parties and non-party witnesses and is inconsistent with Delaware practice. Indeed, Mylan has not taken a single deposition in this case, and there is no reason to believe that Mylan cannot complete each inventor deposition within the presumptive seven hour time period allotted by the Federal Rules. Thus, absent a showing of good cause, the Court should refuse Mylan's blanket request to extend the time allowed for inventor depositions.

Mylan also moves to compel discovery regarding its amended antitrust counterclaim in view of Counterclaim Defendants' position that they should not be required to produce documents while their motion to dismiss the antitrust counterclaims was pending. The Court has now decided that motion, rendering this issue in Mylan's discovery motion moot. However, in so ruling, the Court specifically stated that:

> If requested, the Court will schedule a pretrial conference to consider, if fair to the parties and possibly reducing the cost of discovery, structuring discovery to make an early determination whether genuine factual disputes exist on specific claims or defenses.

D.I. 67 at n.4. On September 12, 2011, Plaintiffs requested the Court schedule a pretrial conference to discuss phasing discovery.

Thus, the Court should deny Mylan's motion in its entirety. The Court should enter the attached form of Discovery Order permitting no more than seven hours to depose each of the

named inventors of the '341 patent, absent good cause shown. Furthermore, the Court should schedule a pretrial conference as previously requested by Plaintiffs.

## II. FACTS

Shionogi Pharma, Inc. ("Shionogi") and CIMA LABS INC. ("CIMA") (collectively, "Plaintiffs") are leading pharmaceutical manufacturers that have partnered in the development, production and sale of Orapred ODT® ("Orapred®"), a drug indicated for the treatment of severe or incapacitating allergic conditions. Orapred® practices the invention described and claimed in the '341 patent. On December 9, 2010, Shionogi and CIMA filed a Complaint in this action, seeking relief for Mylan's infringement of the '341 patent if and when the FDA allows Mylan to manufacture and sell a generic version of Orapred®. (D.I. 1).

The '341 patent relates to a significant improvement in 'taste masking' technology, which is a method for hiding the severely noxious taste present in some drugs. Three scientists at CIMA, Drs. Kris E. Holt, Rajendra K. Khankari, and John Hontz (collectively, "'341 inventors"), conceived of the taste masking invention described and claimed in the '341 patent.[1] The '341 patent application was filed in 1998, and the inventors subsequently assigned their rights in the patent to CIMA. The '341 patent was later exclusively licensed to Shionogi.

On January 18, 2011, Mylan answered Shionogi and CIMA's Complaint, and asserted two antitrust related counterclaims. (D.I. 13 at Third, Fourth Count). On May 26, 2011, the Court dismissed those counterclaims. (D.I. 45). Mylan subsequently filed one amended antitrust related counterclaim and Plaintiffs again moved for dismissal. (D.I. 53 at [Amended] Third Count; D.I. 56). On August 31, 2011, the Court ruled on Plaintiff's motion, stating that:

---

[1] The '341 inventors are no longer employees of CIMA and are not currently affiliated with any party to this lawsuit.

> If requested, the Court will schedule a pretrial conference to consider, if fair to the parties and possibly reducing the cost of discovery, structuring discovery to make an early determination whether genuine factual disputes exist on specific claims or defenses.

(D.I. 67 at n.4). On September 12, 2011, the parties participated in a meet and confer to discuss phasing antitrust and patent related discovery. Plaintiffs subsequently requested the Court schedule a pretrial conference to discuss structuring sequential discovery related to Mylan's amended antitrust counterclaim.

This case is in the middle of fact discovery. The deadline for substantial completion of document production is scheduled for October 6, 2011, and fact discovery closes February 22, 2012. (D.I. 34). No party has yet noticed or taken a deposition.

### III. ARGUMENT

#### A. Mylan has Failed to Show Cause to Extend Inventor Depositions Beyond the Time Permitted Under the Federal Rules

The Federal Rules of Civil Procedure impose a presumptive one day of seven hours for depositions. FED. R. CIV. P. 30(d)(1). Although a party may seek additional time beyond seven hours upon a showing of "good cause," the burden on the party seeking additional time is quite onerous. *See, e.g., Cardenas v. Prudential Ins. Co. of America,* Nos. Civ. 99-1421 (JRT/FLN), Civ. 99-1422 (JRT/FLN), 2003 WL 21302960, at *2 (D. Minn. May 16, 2003) (finding no good cause to extend deposition beyond seven hours when the moving party did not explicitly demonstrate why they required more time); *see also In re Intel Corp. Microprocessor Antitrust Litig.,* 2008 WL 5377979, at *4 (D. Del. Dec. 18, 2008) (finding good cause to extend depositions beyond seven hours because of the "massive breadth and scope" of the proceeding). If the "good cause" requirement were anything but rigorous, "[a]utomatic extensions [would] eviscerate" Rule 30(d), which was designed to promote efficiency in the discovery process. *Roberson v. Bair,* 242 F.R.D. 130, 138 (D.D.C. 2007); *see also* FED. R. CIV. P. 30 Advisory

-3-

Committee's note (2000) ("The Committee has been informed that overlong depositions can result in undue costs and delay…"). Thus courts "should *begin* with the presumption that the seven-hour limit was carefully chosen and that extensions of that limit *should be the exception, not the rule.*" *Roberson*, 242 F.R.D. at 138 (emphasis added).

As discussed below, Mylan has failed to show good cause as to why the depositions of the '341 inventors should exceed the seven hour limit imposed by Fed. R. Civ. P. 30(d). As a result, Mylan's motion for blanket fourteen hour inventor depositions should be denied.

### 1. Mylan's Motion is Premature

Mylan's request for 14 hour inventor depositions should be denied in the first instance because it is premature. Courts have routinely held that before permitting additional time, the deposition should first go forward to determine how much can be covered under the presumptive seven hour time limit. *See, e.g., Pratt v. Archstone Willow Glen Apartments*, No. C08-3588 JF (RS), 2009 WL 2032469, at *1 (N.D. Cal. July 10, 2009) (requiring moving party to complete seven hours of deposition before seeking leave for additional time); *Brooks v. Motsenbocker Advanced Devs., Inc.*, No. 07cv773 BTM (NLS), 2008 WL 2033712, at *3 (S.D. Cal. May 9, 2008) (denying motion for additional deposition time as premature and instructing parties to complete seven hours of deposition before determining whether more time is needed); *Malec v. Trs. of Boston Coll.*, 208 F.R.D. 23, 24 (D.D.C. 2002) (denying motion for additional deposition time because the "better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours" and then seek additional time if necessary).

In this case, the issue of whether Mylan should be permitted seven hours to complete each of the three inventor depositions as allowed under the Federal Rules, or extend the time allotted to 14 hours, is simply not ripe for a discovery motion. Mylan has not even noticed any of the '341 inventors for their depositions, and it is entirely speculative at this point whether

-4-

Mylan would "need additional time" to complete any of the three inventor depositions, or whether "consensus [between the parties on this issue] could not be reached" later in discovery. See D.I. 66, Defendant Mylan Pharmaceuticals Inc.'s Memorandum of Law in Support of its Motion to Resolve Disputed Provisions of Discovery Plan to Set the Duration of Inventor Depositions and to Compel Production of Documents (hereinafter "Mylan's Br.") at 4. Mylan should depose the '341 inventors for seven hours and, only if that amount of time proves insufficient, discuss extending the depositions for additional time. Because no depositions have commenced, Mylan's motion for 14 hour inventor depositions should be denied as premature.

### 2. Mylan Requests an Undue Amount of Testimony

Mylan has also failed to show why it cannot complete the inventor depositions within the standard time allowed under Fed. R. Civ. P. 30(d). None of the '341 inventors are a party to this lawsuit, nor are they employees or otherwise currently affiliated with Shionogi or CIMA. Furthermore, the '341 inventors are not under Plaintiffs' control, and they do not have an ownership interest in the '341 patent. Thus the only topic which the inventors can reasonably be expected to give testimony is the inventive process resulting in the invention described and claimed in the '341 patent. With the scope of the inventors' relevant personal knowledge primarily limited to conception and reduction to practice of the '341 patent, doubling the amount of deposition time to 14 hours would be unduly burdensome to both the parties and non-party inventors.

While Mylan alleges that the '341 inventors can testify regarding "numerous" issues in the case, a majority of the substantive questions identified by Mylan are unsuitable fact deposition topics. For example, Mylan argues that the inventors can provide testimony regarding prior art and infringement. See Mylan's Br. at 4. The inventors however have no personal knowledge regarding Mylan's infringing generic product (beyond what they can glean from the

public record) and thus, will have nothing to add to the parties' contentions on infringement. Furthermore, none of the parties have designated the '341 inventors as experts on any issue in the case, and thus the inventors should not be expected to provide testimony regarding prior art or claim construction. In short, the inventors' confined involvement to the conception and reduction to practice of the '341 invention hardly justifies 14 hours of deposition time per inventor.

### 3. Mylan's Position is Inconsistent with Delaware Practice

In its brief, Mylan cites a single court decision, that is, *Baker v. PPL Corp.*, in support of its position that inventor depositions should be extended beyond what is allotted by Fed. R. Civ. P. 30(d). Mylan's Br. at 3, citing *Baker v. PPL Corp.*, No. 1:09-cv-428, 2011 WL 1811106 (M.D. Pa. May 12, 2011). As an initial matter, *Baker* is an employment discrimination action and has nothing to do with patent infringement or the appropriate length of time for inventor depositions. In any event, applying the same rationale from *Baker* to this case leads to a conclusion that the '341 inventor depositions should *not* be extended beyond seven hours. For example, in *Baker*, the Court allowed the defendant employer to depose the plaintiff employee for 14 hours on the basis that the "deposition entail[ed] examination of allegations spanning many [*approximately 28*] *years*...." *Id.* at *3. ████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

██████████████████████████████████████

████████████████[2]

Finally, while Mylan argues that 14 hours of inventor deposition time is necessary in a "pharmaceutical patent case" with "numerous complex questions of law and fact," (Mylan's Br. at 3-4), Mylan took a conflicting position less than a year ago in another patent infringement action. *See Abbott Labs. & Abbott Respiratory LLC v. Mylan Inc. & Mylan Pharms., Inc.* C.A. No. 10-559-SLR, [Proposed] Scheduling Order at 3 (D. Del. Oct. 27, 2010) (attached hereto as Ex. B). In that case, which related to Mylan's filing of an Abbreviated New Drug Application ("ANDA") for a proposed generic pharmaceutical product and was based on Mylan's alleged infringement of eight separate patents, the Proposed Scheduling Order limited all fact depositions, including inventor depositions, to a maximum of seven hours. *Id.*; *see also Abbott Labs. & Abbott Respiratory LLC v. Mylan Inc. & Mylan Pharms., Inc.* C.A. No. 10-559-SLR, Complaint at 1 (D. Del. June 28, 2010) (attached hereto as Ex. C). Mylan does not (and cannot) explain why 14 hours for inventor depositions is required here, where seven hours was sufficient in an analogous patent infringement case, arising in the ANDA context, brought in the same district, and with at least as much complexity as in the current litigation.

B.  **The Antitrust Issue Mylan Raised In Its Motion is Now Moot**

In its motion, Mylan also moved to allow wide-ranging discovery regarding its amended antitrust counterclaim while Plaintiffs' motion to dismiss that counterclaim was pending. The Court's recent ruling on Plaintiffs' motion to dismiss now renders that issue in Mylan's discovery motion moot.

---

[2] The other citations by Mylan are to orders entered by the Court governing discovery, but there is no indication in those orders or in the record as to whether there was any dispute as to the appropriate length of inventor depositions or whether the parties simply agreed to the number of deposition hours.

Plaintiffs note however that in the Court's Memorandum regarding Shionogi's motion to dismiss, the Court stated:

> If requested, the Court will schedule a pretrial conference to consider, if fair to the parties and possibly reducing the cost of discovery, structuring discovery to make an early determination whether genuine factual disputes exist on specific claims or defenses.

D.I. 67 at n.4. Plaintiffs believe this case should be structured to allow for sequential discovery with respect to the patent and antitrust related claims. Phasing discovery would reduce both the cost of discovery and burden on the Court and the parties. As such, on September 12, 2011, Plaintiffs requested the Court schedule a pretrial conference to discuss structuring sequential discovery related to Mylan's amended antitrust counterclaim (attached hereto as Ex. D). Plaintiffs believe that a pretrial conference, as the Court suggests, is the appropriate forum to address this issue.

## IV.  CONCLUSION

For the foregoing reasons, the Court should DENY Mylan's motion in its entirety. The Court should enter an Order allowing the parties no more than seven hours to depose each of the '341 patent inventors. Furthermore, the Court should schedule a pretrial conference as previously requested by Plaintiffs.

|  |  |
|---|---|
| *Of Counsel:*<br><br>David A. Manspeizer<br>Robert J. Gunther, Jr.<br>Jane M. Love<br>Ann-Marie C. Yvon<br>WilmerHale<br>399 Park Avenue<br>New York, NY 10022<br>Telephone: (212) 230-8800<br>david.manspeizer@wilmerhale.com<br>robert.gunther@wilmerhale.com<br>jane.love@wilmerhale.com<br>anne-marie.yvon@wilmerhale.com | Respectfully Submitted,<br><br>  /s/ Kristen Healey Cramer<br>Kristen Healey Cramer (#4512)<br>Karen R. Poppel (#5373)<br>Connolly Bove Lodge and Hutz LLP<br>1007 N. Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899<br>Telephone: (302) 658-9141<br>kcramer@cblh.com<br><br>*Attorneys for Plaintiffs / Counter-Defendants Shionogi Pharma, Inc. and CIMA LABS INC.* |

Ryann M. Muir
WilmerHale
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
ryann.muir@wilmerhale.com
*Attorneys for Plaintiffs / Counter-Defendants
Shionogi Pharma, Inc. and CIMA LABS INC.*

J. Mark Gidley
Noah A. Brumfield
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
mgidley@whitecase.com
nbrumfield@whitecase.com
*Attorneys for Plaintiff / Counter-Defendant
Shionogi Pharma, Inc. and CIMA LABS INC.*

Dated: September 12, 2011

Redacted Version: September 13, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that on September 12, 2011, I caused to be served true and correct copies of the foregoing document on the following counsel as indicated below:

*Via Electronic Mail:*
Richard L. Horwitz
David E. Moore
**POTTER ANDERSON & CORROON LLP**
Hercules Plaza – 6th Floor
1313 N. Market Street
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Via Electronic Mail:*
Thomas J. Parker
Natalie C. Clayton
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
thomas.parker@alston.com
natalie.clayton@alston.com

DATED: September 12, 2011

/s/ Kristen Healey Cramer
Kristen Healey Cramer (#4512)
**CONNOLLY BOVE LODGE AND HUTZ LLP**
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
kcramer@cblh.com
Attorney for Plaintiffs

4471054