# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES and ABBOTT RESPIRATORY LLC, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MYLAN INC. and MYLAN PHARMACEUTICALS, INC., )<br>)<br>)<br>Defendants. ) | C.A. No. 10-559 (SLR) |

## [PROPOSED] SCHEDULING ORDER

At Wilmington this 27th day of October 2010, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference in this matter pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by **November 10, 2010** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

(a) The issues of willfulness, exceptional case and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

(b) Discovery as it pertains to this action will be needed on the following subjects: **For Plaintiffs:** (1) Abbreviated New Drug Application ("ANDA") No. 20-1521 filed by Defendants with the U.S. Food and Drug Administration ("FDA") for approval to market a generic version of Plaintiffs' SIMCOR® drug product, including, in Plaintiffs' opinion, the decision to file the ANDA; (2) design, development, formulation, testing and/or manufacturing of Defendants' proposed generic version of Plaintiffs' SIMCOR® drug product;

(4) the market for a generic version of Plaintiffs' SIMCOR® drug product, including any market research or analysis; (5) anticipated sales and marketing of Defendants' proposed generic version of Plaintiffs' SIMCOR® drug product; (6) infringement of the patents-in-suit; and (7) any allegations that the patents-in-suit are invalid and/or unenforceable. **For Defendants:** (1) non-infringement of the claims of the patents-in-suit; (2) invalidity of the claims of the patents-in-suit; and (3) any other claims, counterclaims, or defenses. It is Defendants' position that discovery on any issue relevant to willfulness or exceptional case, including the decision to file the ANDA, should be bifurcated from discovery on infringement, non-infringement, validity and invalidity issues.

(c) All fact discovery shall be commenced in time to be completed by **October 10, 2011**.

(1) Plaintiffs and Defendants may each serve a maximum of **twenty-five (25)** interrogatories.

(2) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than **March 4, 2011**, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Plaintiffs and Defendants may each serve a maximum of **fifty (50)** requests for admission, excluding requests for admission relating to the authenticity of documents, which shall be served in time to be completed prior to the close of discovery.

(4) Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before **April 18, 2011**, with the exception of any additional

e-discovery requested of additional custodians pursuant to this subparagraph. In the absence of agreement among the parties or by order of the court: (i) e-discovery shall be limited to the initial custodians identified through the D. Del. 16.1(a) meeting; (ii) on or before **June 1, 2011**, each party may request e-discovery of additional custodians or for additional years, for good cause shown; and (iii) no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of e-discovery.

(5) Plaintiffs and Defendants may each take a maximum of fifteen (15) fact depositions. Each fact deposition to be a maximum of seven (7) hours. Depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) shall count as 1 witness against the witness limit for each 7 hours of testimony even though more than one witness may be designated to testify. Depositions of witnesses in their individual capacity and under Rule 30(b)(6) shall be counted separately against the witness limit.

(d) Expert discovery shall be commenced in time to be completed by **March 30, 2012**.

(1) Expert reports on issues for which the parties have the burden of proof shall be due **December 1, 2011**. Rebuttal expert reports shall be due **January 19, 2012**. Reply expert reports to respond to secondary considerations raised by Plaintiffs' rebuttal expert reports shall be due **February 16, 2012**.

(2) Expert depositions to be limited to a maximum of **seven (7) hours**.

(3) All Daubert motions shall be filed on or before **April 20, 2012**.

(e) Supplementations under Rule 26(e) due as required under Rule 26(e).

(f) **Discovery Disputes.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on same. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement and/or discovery on the issues related to secondary considerations of obviousness.

(g) **Fact Witnesses to be Called at Trial.** Within **one (1) month** following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within **one (1) month** of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within **one (1) month** after service of the list of rebuttal fact witnesses and shall be limited to **twenty (20) hours** per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **October 10, 2011**.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5.  **Claim Construction Issue Identification.** The parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms by **September 1, 2011**. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6.  **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning. The parties shall agree upon and file the Joint Claim Construction Statement on **April 5, 2012**, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on **April 26, 2012**. Simultaneous response briefs should be filed by **May 31, 2012**. ~~Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s).~~  The hearing on the claim construction will be heard on at the pretrial conference.

7.  **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

    (a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

    (b) No telephone calls shall be made to chambers.

    (c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the

completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

8. **Motions in Limine.** No motions in limine shall be filed; instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

9. **Pretrial Conference.** A pretrial conference will be held on **June 8, 2012, at 9:30 a.m.** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

10. **Trial.** This matter is scheduled for an [Plaintiffs' position: five (5) day/Defendants' position: eight (8) day] bench trial, to be held ~~in the time frame of July – August 2012~~ commencing August 20, 2012 in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

11. The parties reserve the right to revisit the deadlines and limitations set forth herein in the event this case is consolidated with any other matters involving different defendants.

_____
UNITED STATES DISTRICT JUDGE

3861184

- 6 -