

**Potter Anderson & Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**David E. Moore**
**Partner**
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

September 19, 2011

**VIA EFILING and FACSIMILE**

The Honorable Michael M. Baylson
United States District Court for the
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1727

    Re: *Shionogi Pharma, Inc. et al. v. Mylan Pharmaceuticals Inc.*,
         C.A. No. 10-1077-MMB (D. Del.)

Dear Judge Baylson:

    We write on behalf of Mylan Pharmaceuticals Inc. ("Mylan") in anticipation of the upcoming conference with the Court scheduled for September 22, 2011. Plaintiffs' letter to the Court of September 12, 2011 indicates that they seek sequential discovery with respect to the patent and antitrust related claims. Although the specific nature of this request is unclear, Mylan too believes that it may be more efficient to resolve at least portions of the patent claims before reaching the antitrust claim. In particular, Mylan believes that it would be efficient to resolve the issue of infringement on an expedited basis to the extent the Court's schedule so permits.

    Plaintiffs' letter states that Mylan's counsel believed that requesting a pre-trial conference on this matter was premature. In actuality, however, Mylan's counsel stated that it believed that the parties should at least discuss concrete dates for any schedule adjustment before requesting a pre-trial conference. *See* Exhibit 1. In anticipation of this conference, Mylan sent the below proposed schedule to Plaintiffs' counsel. To date, Mylan has received no response from Plaintiffs.

    The below proposed schedule relates to proceeding on the infringement on an expedited basis, and contemplates staying the invalidity and antitrust claims until resolution of the infringement issue. Mylan, however, proposes that the parties continue with the Markman

schedule as currently in place[1], and that the current trial pool date of December 3, 2012 would remain for the invalidity and antitrust claims.

| EVENT (Directed to Infringement Only) | MYLAN'S PROPOSED DATE |
|---|---|
| Close of Fact Discovery | December 31, 2011 |
| Opening Expert Reports | January 16, 2012 |
| Responsive Expert Reports | February 6, 2012 |
| Completion of Expert Discovery | February 27, 2012 |
| Joint Final Pretrial Order | March 26, 2012 |
| Trial | TBD by Court |

Mylan believes that there is great efficiency in resolving the issue of infringement up front. First, because Mylan's antitrust counterclaim is based on its allegation that Plaintiffs' assertion of infringement is frivolous, Mylan's antitrust counterclaim is necessarily dependent upon the underlying determination of infringement. If Mylan obtains a determination of noninfringement, then the litigation can proceed on Mylan's antitrust and patent invalidity claims. If, however, Plaintiffs prevail on the issue of infringement then there would be no need to proceed on Mylan's antitrust claim and the only issues remaining relate to patent invalidity.

Mylan's schedule is reasonable given the streamlined nature of the infringement issues. This case involves a single patent. Moreover, since the issue is limited to whether Mylan's proposed ANDA product would infringe the patent, and since the determination of infringement is essentially limited to the content of Mylan's ANDA, the amount of discovery necessary to bring this issue to a speedy resolution is not significant.

For these reasons, Mylan respectfully requests that the Court consider Mylan's proposed schedule to proceed with the issue of infringement on an expedited basis, as outlined by the above schedule.

---

[1] Except for the date for opening claim construction briefs, which the parties have stipulated should be exchanged two weeks later than the current date. A stipulation reflecting such will be filed with the Court shortly.

The Honorable Michael M. Baylson
September 19, 2011
Page 3

    We thank the Court for its consideration of this matter.

               Respectfully,

               */s/ David E. Moore*

               David E. Moore

DEM/drt
1028079v1 / 36324

cc:  Counsel of Record