

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Kristen Healey Cramer
Partner

TEL (302) 888-6317
FAX (302) 658 5614
EMAIL kcramer@cblh.com
REPLY TO Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

September 20, 2011

**VIA CM/ECF and FACSIMILE**

Judge Michael M. Baylson
United States District Court for the
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1727

    Re:    *Shionogi Pharma, Inc. et al. v. Mylan Pharmaceuticals Inc.*,
             C.A. No. 10-1077-MMB (D. Del.)

Dear Judge Baylson,

    We write on behalf of Plaintiffs regarding the September 22, 2011, conference with the Court, and in response to Mylan's letter dated September 19, 2011.

    On September 12, 2011, the parties met and conferred. Plaintiffs and Mylan are in apparent agreement that adjusting the schedule in this case is appropriate, and that discovery on any issues relating to Mylan's antitrust counterclaim, as well as trial on that subject should be bifurcated and stayed. This would efficiently allow for the likely dispositive determination of a core antitrust issue, *i.e.*, whether Plaintiffs' patent claim has any objective basis.

    However, Mylan also proposes separating out the issue of patent infringement from patent validity. This makes little sense, as infringement and validity are likely to have substantially overlapping factual issues. Mylan has alleged that the patent in suit is invalid for obviousness, which involves a comparison of the prior art to the patent claims. Similarly, the infringement analysis involves a comparison of Mylan's product to the patent claims. Plaintiffs believe that judicial economy and efficiency would be served by trying these two issues (infringement <u>and</u> validity) together, as is the practice in almost every patent litigation.

    For the Court's reference, the table below contains the current case schedule, Mylan's proposed schedule for patent infringement alone, and Plaintiffs' proposed schedule that would result in a single trial of patent infringement and validity.


CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Judge Michael M. Baylson
September 20, 2011
Page 2

| Task | Current Schedule | Mylan's Proposed Schedule | Shionogi's Proposed Schedule |
|---|---|---|---|
| Close of fact discovery | 2/22/12 | 12/31/11 | 2/1/12 |
| Opening expert reports | 4/19/12 | 1/16/12 | 3/16/12 |
| Rebuttal expert reports | 5/31/12 | 2/6/12 | 5/1/12 |
| Close of expert discovery | 8/2/12 | 2/27/11 | 6/15/12 |
| Joint pre-trial order and motions *in limine* | 11/1/12 | 3/26/12 | 7/27/12 |
| Trial pool date | 12/3/12 | TBD by Court | TBD by Court |

  While Mylan states that its schedule would still permit the Court to retain the December 3, 2012, trial pool for the antitrust and patent validity issues, Plaintiffs do not believe that is possible. Mylan's schedule results in a patent infringement trial pool date of sometime after March 2012. Post-trial briefing will take several weeks, and the Court likely will not issue a decision before June 2012 at the earliest. Mylan's schedule would result in the parties then having to complete fact discovery, expert discovery, and be ready for a pre-trial conference in less than five months on both patent validity and antitrust issues. This is simply not feasible.

  Plaintiffs look forward to the opportunity to speak with the Court regarding an appropriate schedule for this matter.

              Respectfully submitted,

              */s/ Kristen Healey Cramer*

              Kristen Healey Cramer (#4512)

cc: Counsel of Record (via electronic mail)

4480911