**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SHIONOGI PHARMA, INC. and CIMA LABS INC., | |
| Plaintiffs, | |
| v. | C.A. No. 10-1077-MMB |
| MYLAN PHARMACEUTICALS INC., | |
| Defendant. | |

**SHIONOGI PHARMA, INC. AND CIMA LABS INC.'S ANSWER TO
AMENDED COUNTERCLAIMS OF MYLAN PHARMACEUTICALS INC.**

Plaintiffs and Counterclaim-Defendants Shionogi Pharma, Inc. ("Shionogi") and CIMA

LABS INC. ("CIMA") (collectively, "Counterclaim-Defendants") hereby respond to the

Amended Counterclaims by defendant Mylan Pharmaceuticals Inc. ("Mylan") as follows:

**THE PARTIES**

1.      Upon information and belief, admitted.

2.      Admitted that Shionogi is a corporation organized and existing under the laws of

Delaware, with a place of business in Atlanta, Georgia.  The remainder of the allegations in

Paragraph 2 are denied.

3.      Admitted.

4.      Paragraph 4 does not contain allegations requiring a response.

**JURISDICTION AND VENUE**

5.      Paragraph 5 contains legal conclusions and allegations as to which no response is

required.  To the extent an answer is deemed required, Counterclaim-Defendants admit that

Mylan purports to base its Counterclaims on the specified sections of the United States Code. The allegations are otherwise denied.

6.     Paragraph 6 contains legal conclusions and allegations as to which no response is required.  To the extent a response is deemed required, the allegations in Paragraph 6 are denied.

7.     Paragraph 7 contains legal conclusions and allegations as to which no response is required.  To conserve the resources of the Court and the parties, and solely for the limited purpose of this action, Counterclaim-Defendants do not contest personal jurisdiction.

8.     Paragraph 8 contains legal conclusions and allegations as to which no response is required.  To conserve the resources of the Court and the parties, and solely for the limited purpose of this action, Counterclaim-Defendants do not contest personal jurisdiction.

9.     Paragraph 9 contains legal conclusions and allegations as to which no response is required.  To conserve the resources of the Court and the parties, and solely for the limited purpose of this action, Counterclaim-Defendants do not contest that venue is proper in this district.

10.     Paragraph 10 contains legal conclusions and allegations as to which no response is required.  To conserve the resources of the Court and the parties, and solely for the limited purpose of this action, Counterclaim-Defendants do not contest that they are engaged in interstate commerce.

## FACTUAL BACKGROUND

11.     Admitted.

12.     Admitted that CIMA owns the '341 patent and that Shionogi is exclusively licensed under the '341 patent, and that they have the right to enforce the '341 patent.  The remainder of the allegations of Paragraph 12 are denied.

13.     Admitted that the '341 patent relates to a taste masking rapid release coating system.  The remainder of the allegations of Paragraph 13 are denied.

14.     Admitted.

15.     Denied that Counterclaim-Defendants continue to develop Orapred ODT®.  The remainder of the allegations in Paragraph 15 are admitted.

16.     Admitted that Shionogi is exclusively licensed under the '341 patent.  The remainder of the allegations in Paragraph 16 are denied.

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     Admitted that CIMA manufactures Orapred ODT®.

21.     Paragraph 21 contains legal conclusions and allegations as to which no response is required.  To the extent a response is deemed required, the allegations in Paragraph 21 are denied.

22.     Denied.

23.     Admitted.

24.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, deny the allegations contained in Paragraph 24.

25.     Admitted.

26.     Paragraph 26 contains legal conclusions and allegations as to which no response is required.  To the extent a response is deemed required, the allegations in Paragraph 26 are denied.

27.    The first sentence of Paragraph 27 contains legal conclusions and allegations as to which no response is required.  To the extent a response is deemed required, admitted that Counterclaim-Defendants received a notice that Mylan's ANDA contained a Paragraph IV certification to the '341 patent and that Mylan was seeking FDA approval for its Proposed Product.  The remaining allegations in the first sentence of Paragraph 27 are denied.  Denied that Mylan's product is "non-infringing."  Admitted as to the second sentence of Paragraph 27.

28.    The first sentence of Paragraph 28 contains legal conclusions and allegations as to which no response is required.  To the extent a response is deemed required, Counterclaim-Defendants deny the allegations in the first sentence of Paragraph 28.  Admitted that Mylan's purported notice included an Offer of Confidential Access.  The remaining allegations in Paragraph 28 are denied.

29.    Admitted that Counterclaim-Defendants accepted Mylan's Offer of Confidential Access and that a copy of portions of Mylan's ANDA were received by counsel for Counterclaim-Defendants.  The remaining allegations in Paragraph 29 are denied.

30.    Admitted that before Counterclaim-Defendants sued Mylan on the '341 patent, Mylan provided sample material purporting to be tablets of Mylan's Proposed Product and purporting to be final blend material used in Mylan's Proposed Product.  The remaining allegations in Paragraph 30 are denied.

31.    Denied.

32.    Denied.

33.    Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, deny the

allegations contained in Paragraph 33.  Furthermore, Paragraph 33 contains legal conclusions

and allegations as to which no response is required.

34.     Denied as to the allegations in the last sentence of Paragraph 34.  With respect to

the first sentence of Paragraph 34, Counterclaim-Defendants are without knowledge or

information sufficient to form a belief as to the truth of these allegations and, therefore, deny

them.  The second sentence of Paragraph 34 contains legal conclusions and allegations as to

which no response is required.  To the extent a response is deemed required, Counterclaim-

Defendants deny the allegations in the second sentence of Paragraph 34.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Admitted that prescription drugs are offered in various forms.  Counterclaim-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 38 and, therefore, deny the allegations contained in

Paragraph 38.

39.     Counterclaim-Defendants admit that the '341 patent states "[p]atients who will

not or cannot swallow, such as young children, the very elderly and patients with dysphagia

constitute a significant challenge to the pharmaceutical industry".  Counterclaim-Defendants

admit they have marketing materials related to Orapred ODT®.  The '341 patent and

Counterclaim-Defendants' marketing materials, or other publicly available documents, speak for

themselves.  Counterclaim-Defendants deny all characterizations of the '341 patent and

Counterclaim-Defendants' marketing materials contained in Paragraph 39.  Counterclaim-

Defendants deny the remaining allegations in Paragraph 39.

40.     Denied.

41.     Counterclaim-Defendants admit they have marketing materials related to Orapred ODT®.  The '341 patent and Counterclaim-Defendants' marketing materials, or other publicly available documents, speak for themselves.  Counterclaim-Defendants deny all characterizations of the '341 patent and Counterclaim-Defendants' marketing materials contained in Paragraph 41.  Counterclaim-Defendants deny the remaining allegations in Paragraph 41.

42.     Denied.

43.     Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, deny them.  Furthermore, to the extent that Mylan's allegations rely on publicly available documents, such documents speak for themselves.

44.     Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, therefore, deny them.  Furthermore, to the extent that Mylan's allegations rely on publicly available documents, such documents speak for themselves.

45.     Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore deny them.  Furthermore, to the extent that Mylan's allegations rely on publicly available documents, such documents speak for themselves.

46.     Admitted that prednisolone is a corticosteroid indicated for the control of asthma and severe or incapacitating allergic conditions.  Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and, therefore, deny them.

47.     Admitted that prednisolone is offered in various forms.  Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and, therefore, deny them.

48.     Counterclaim-Defendants admit they have marketing materials related to Orapred ODT®.  The '341 patent and Counterclaim-Defendants' marketing materials, or other publicly available documents, speak for themselves.  Counterclaim-Defendants deny all characterizations of the '341 patent and Counterclaim-Defendants' marketing materials contained in Paragraph 48.  Counterclaim-Defendants deny the remaining allegations in Paragraph 48.

49.     The '341 patent speaks for itself.  Counterclaim-Defendants deny all characterizations of the '341 patent contained in Paragraph 49.  Counterclaim-Defendants deny the remaining allegations in Paragraph 49.

50.     Admitted that Orapred ODT® is an orally disintegrating prednisolone tablet available in more than one strength, and that Orapred ODT® contains prednisolone sodium phosphate and a taste-masking component.  Shionogi's website speaks for itself.  The remaining allegations in Paragraph 50 are denied.

51.     Counterclaim-Defendants admit they have marketing materials related to Orapred ODT®.  The '341 patent and Counterclaim-Defendants' marketing materials, or other publicly available documents, speak for themselves.  Counterclaim-Defendants deny all characterizations of the '341 patent and Counterclaim-Defendants' marketing materials contained in Paragraph 51.  Counterclaim-Defendants deny the remaining allegations in Paragraph 51.

52.     Counterclaim-Defendants admit they have marketing materials related to Orapred ODT®.  The '341 patent and Counterclaim-Defendants' marketing materials, or other publicly available documents, speak for themselves.  Counterclaim-Defendants deny all characterizations

of the '341 patent and Counterclaim-Defendants' marketing materials contained in Paragraph 52.
Counterclaim-Defendants deny the remaining allegations in Paragraph 52.

53.     Counterclaim-Defendants admit they have marketing materials related to Orapred
ODT®.  The '341 patent and Counterclaim-Defendants' marketing materials, or other publicly
available documents, speak for themselves.  Counterclaim-Defendants deny all characterizations
of the '341 patent and Counterclaim-Defendants' marketing materials contained in Paragraph 53.
Counterclaim-Defendants deny the remaining allegations in Paragraph 53.

54.     Admitted.

55.     Counterclaim-Defendants admit they have marketing materials related to Orapred
ODT®.  Counterclaim-Defendants' marketing materials, or other publicly available documents,
speak for themselves.  Counterclaim-Defendants deny all characterizations of Counterclaim-
Defendants' marketing materials contained in Paragraph 55.  Counterclaim-Defendants deny the
remaining allegations in Paragraph 55.

56.     Counterclaim-Defendants admit they have marketing materials related to Orapred
ODT®.  The '341 patent and Counterclaim-Defendants' marketing materials, or other publicly
available documents, speak for themselves.  Counterclaim-Defendants deny all characterizations
of the '341 patent and Counterclaim-Defendants' marketing materials contained in Paragraph 56.
Counterclaim-Defendants deny the remaining allegations in Paragraph 56.

57.     Counterclaim-Defendants admit they have marketing materials related to Orapred
ODT®.  Counterclaim-Defendants' marketing materials, or other publicly available documents,
speak for themselves.  Counterclaim-Defendants deny all characterizations of Counterclaim-
Defendants' marketing materials contained in Paragraph 57.  Counterclaim-Defendants deny the
remaining allegations in Paragraph 57.

58.     Denied.

59.     Denied.

60.     Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, deny them.

61.     Counterclaim-Defendants admit they have marketing materials related to Orapred ODT®.  The '341 patent and Counterclaim-Defendants' marketing materials, or other publicly available documents, speak for themselves.  Counterclaim-Defendants deny all characterizations of the '341 patent and Counterclaim-Defendants' marketing materials contained in Paragraph 61.  Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, deny them.

62.     Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, deny them.  Furthermore, to the extent that Mylan's allegations rely on publicly available documents, such documents speak for themselves.

63.     Counterclaim-Defendants admit that Shionogi maintains a website.  The website speaks for itself.  Counterclaim-Defendants deny all characterizations of Shionogi's website contained in Paragraph 63.  Counterclaim-Defendants admit that CIMA maintains a website.  CIMA's website speaks for itself.  Counterclaim-Defendants deny all characterizations of CIMA's website contained in Paragraph 63.  Counterclaim-Defendants deny the remaining allegations in Paragraph 63.

64.     Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, therefore, deny them.

Furthermore, to the extent that Mylan's allegations rely on publicly available documents, such documents speak for themselves.

65.     Denied as to the first sentence of Paragraph 65.  The remainder of Paragraph 65 contains legal conclusions and allegations as to which no response is required.  To the extent that an answer is deemed required, Counterclaim-Defendants lack knowledge or information sufficient to form a belief concerning the remaining allegations in Paragraph 65 and, therefore, deny them.  Furthermore, to the extent that Mylan's allegations rely on publicly available documents, such documents speak for themselves.

66.     Counterclaim-Defendants admit that Orapred ODT$^{®}$ was approved by the FDA on June 1, 2006.  Counterclaim-Defendants lack knowledge or information sufficient to form a belief concerning the remaining allegations in Paragraph 66 and, therefore, deny them.  Furthermore, to the extent that Mylan's allegations rely on publicly available documents, such documents speak for themselves.

67.     Denied.

68.     Paragraph 68 contains legal conclusions and allegations as to which no response is required.  To the extent an answer is deemed required, the allegations in Paragraph 68 are denied.

69.     Paragraph 69 contains legal conclusions and allegations as to which no response is required.  To the extent an answer is deemed required, Counterclaim-Defendants admit that Shionogi has approval from the FDA to sell Orapred ODT$^{®}$ within the United States, and that Shionogi does market and sell Orapred ODT$^{®}$ within the United States.  Counterclaim-Defendants admit that Shionogi is exclusively licensed under the '341 patent.  Except as

expressly admitted herein, Counterclaim-Defendants deny the remaining allegations of Paragraph 69.

70.     Counterclaim-Defendants admit that Shionogi's website contains the statement: "Our goal is to bring innovative compounds originated by Shionogi and other partners to the US for clinical development and commercialization".  Counterclaim-Defendants admit that Orapred ODT$^®$ is available to be prescribed by physicians, sold by pharmacies, and used by consumers in every state.  All other allegations in the second sentence of Paragraph 70 are denied.  Except as expressly admitted herein, Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 70 and, therefore, deny them.

71.     Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, deny them.

72.     Counterclaim-Defendants admit that Shionogi's website for Oropred ODT$^®$ contains the following statement: "The First and Only Orally Disintegrating Prednisolone Tablet".  Counterclaim-defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 and, therefore, deny them.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

**FIRST COUNT**
**(Declaration of Non-Infringement of the '341 Patent)**

78.     Counterclaim-Defendants repeat and reassert all responses to Paragraphs 1-77 as if they were stated fully herein.

79.     Admitted.

80.     Denied.

81.     The allegations of Paragraph 81 are legal conclusions and allegations as to which no response is required.  To the extent a response is deemed required, the allegations in Paragraph 81 are denied.

82.     The allegations of Paragraph 82 are legal conclusions and allegations as to which no response is required.  To the extent a response is deemed required, the allegations in Paragraph 82 are denied.

83.     Denied.

**SECOND COUNT**
**(Declaration of Invalidity of the '341 Patent)**

84.     Counterclaim-Defendants repeat and reassert all responses to Paragraphs 1-83 as if they were stated fully herein.

85.     Denied.

86.     Admitted.

87.     The allegations of Paragraph 87 are legal conclusions and allegations as to which no response is required.  To the extent a response is deemed required, the allegations in Paragraph 87 are denied.

88.     The allegations of Paragraph 88 are legal conclusions and allegations as to which no response is required.  To the extent a response is deemed required, the allegations in Paragraph 88 are denied.

89.     Denied.

## THIRD COUNT
### (Monopolization and Attempted Monopolization in Violation of 15 U.S.C. §2)

90.     Counterclaim-Defendants repeat and reassert all responses to Paragraphs 1-89 as if they were stated fully herein.

91.     Denied as to the first sentence of Paragraph 91.  Counterclaim-Defendants admit that the '341 patent contains the term "spacing layer".  The '341 patent speaks for itself. Counterclaim-Defendants deny the remaining allegations of Paragraph 91.

92.     Counterclaim-Defendants admit that Mylan provided Counterclaim-Defendants limited access to some information and purported samples of Mylan's proposed product and purported blend material.  Counterclaim-Defendants admit that in its correspondence with Counterclaim-Defendants, Mylan purported to describe its Proposed Product.  Counterclaim-Defendants deny the remaining allegations of Paragraph 92.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and, therefore, deny them.

99.     Denied.

-13-

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

## RESPONSE TO MYLAN'S PRAYER FOR RELIEF

No response is required to Mylan's Prayer for Relief.  To the extent that a response is deemed required, Counterclaim-Defendants deny that Mylan is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

106.    Mylan's Amended Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

107.    Any losses allegedly sustained by Mylan resulted from causes other than the acts and occurrences alleged in the Amended Counterclaims.

### THIRD AFFIRMATIVE DEFENSE

108.    Mylan's claims for relief are barred, in whole or in part, because there is no causal connection between the alleged conduct in Mylan's Amended Counterclaims and any alleged harm to competition or consumers.

### FOURTH AFFIRMATIVE DEFENSE

109.    Mylan's claims for relief are barred because they constitute legitimate petitioning activities by the Counterclaim-Defendants, or they result from government action based on the

legitimate petitioning activities of the Counterclaim-Defendants, protected by the First

Amendment to the United States Constitution and immune under the Noerr-Pennington Doctrine.

### FIFTH AFFIRMATIVE DEFENSE

110.    Mylan lacks antitrust standing to prosecute or maintain this action, in whole or in

part, against Counterclaim-Defendants.

### SIXTH AFFIRMATIVE DEFENSE

111.    Mylan's claims are barred, in whole or in part, because the Counterclaim-

Defendants' alleged conduct was reasonable and based on independent, legitimate business and

economic justifications.

### SEVENTH AFFIRMATIVE DEFENSE

112.    Mylan's claims for relief are barred, in whole or in part, because Mylan has not

sustained antitrust injury, because, *inter alia*, any injury suffered by Mylan is a direct result of its

failure to obtain the necessary regulatory approval for its ANDA.

### EIGHTH AFFIRMATIVE DEFENSE

113.    Mylan's claims for relief are barred, in whole or in part, because Mylan has failed

to mitigate its alleged damages.

### NINTH AFFIRMATIVE DEFENSE

114.    Mylan's claims are barred, in whole or in part, because they are the result of

federal and state regulation of pharmaceuticals, including under the Federal Food, Drug, and

Cosmetic Act, the Drug Price Competition and Patent Term Restoration Act of 1984, and related

legislation.

### TENTH AFFIRMATIVE DEFENSE

115.    Any market share attributable to Counterclaim-Defendants was gained as a result

of a superior product and business acumen.

## ELEVENTH AFFIRMATIVE DEFENSE

116.    Mylan's claims are barred, in whole or in part, because the acts or omissions of Counterclaim-Defendants did not substantially lessen competition in any properly defined market, Counterclaim-Defendants lack market power in any properly defined market, and because Mylan's alleged injury and the injury to competition, if any, is too speculative and uncertain.

## TWELFTH AFFIRMATIVE DEFENSE

117.    Mylan's claims are barred, in whole or in part, because the '341 patent is valid, enforceable, and infringed by Mylan's ANDA.

## THIRTEENTH AFFIRMATIVE DEFENSE

118.    Counterclaim-Defendants seek as a setoff injury stemming from Mylan's actions in bringing repetitive sham antitrust claims, including, but not limited to, attorneys fees and costs already incurred in the rejected antitrust counterclaim of Mylan in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

119.    Counterclaim-Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation of this case.

## PRAYER FOR RELIEF

WHEREFORE, upon final hearing or trial, Counterclaim-Defendants pray for the following relief:

        (a)    Dismiss Mylan's Amended Counterclaims with prejudice;

        (b)    A judgment on Mylan's Amended Counterclaims in favor of Counterclaim-Defendants;

-16-

(c)     Award Counterclaim-Defendants the relief sought in the Complaint;

(d)     Award Counterclaim-Defendants their costs and attorneys' fees in defending against the Counterclaims; and

(e)     Award Counterclaim-Defendants such other costs and further relief to which Counterclaim-Defendants are entitled.

Respectfully Submitted,

*Of Counsel:*

David A. Manspeizer
Robert J. Gunther, Jr.
Jane M. Love
Ann-Marie C. Yvon
WILMERHALE
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
david.manspeizer@wilmerhale.com
robert.gunther@wilmerhale.com
jane.love@wilmerhale.com
anne-marie.yvon@wilmerhale.com

_ */s/ Kristen Healey Cramer*

Kristen Healey Cramer (#4512)
Karen R. Poppel (#5373)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
kcramer@cblh.com
kpoppel@cblh.com

*Attorneys for Plaintiffs / Counter-Defendants Shionogi Pharma, Inc. and CIMA LABS INC.*

Ryann M. Muir
WILMERHALE
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
ryann.muir@wilmerhale.com

*Attorneys for Plaintiffs / Counter-Defendants Shionogi Pharma, Inc. and CIMA LABS INC.*

J. Mark Gidley
Noah A. Brumfield
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone:  (202) 626-3600
mgidley@whitecase.com
nbrumfield@whitecase.com
*Attorneys for Plaintiff / Counter-Defendant Shionogi Pharma, Inc.*

Dated: September 21, 2011

-17-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 21, 2011, I electronically filed **SHIONOGI PHARMA, INC. AND CIMA LABS INC.'S ANSWER TO AMENDED COUNTERCLAIMS OF MYLAN PHARMACEUTICALS INC.** with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that on September 21, 2011, I caused to be served true and correct copies of **SHIONOGI PHARMA, INC. AND CIMA LABS INC.'S ANSWER TO AMENDED COUNTERCLAIMS OF MYLAN PHARMACEUTICALS INC.** on the following counsel as indicated below:

*Via Electronic Mail:*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Via Electronic Mail:*
Thomas J. Parker
Natalie C. Clayton
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
thomas.parker@alston.com
natalie.clayton@alston.com

Matthew J. Urbanawiz
David Kuklewicz
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Matt.urbanawiz@alston.com
David.kuklewicz@alston.com

  _/s/ Kristen Healey Cramer_____
Kristen Healey Cramer (#4512)
Connolly Bove Lodge and Hutz LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
kcramer@cblh.com

4483049v1

-18-