**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

SHIONOGI PHARMA, INC. and CIMA LABS INC.,

Plaintiffs,

v.

MYLAN PHARMACEUTICALS INC.,

Defendant.

C.A. No. 10-1077-MMB

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR AN AMENDED SCHEDULING ORDER FOLLOWING PRETRIAL CONFERENCE**

1. In *PRE*, the Supreme Court compelled an early threshold determination whether an intellectual property suit is "objectively baseless" ***before*** a court may inquire into the subjective merits of an antitrust counterclaim. 508 U.S. at 60-61. Mylan completely ignores this dispositive Supreme Court decision, which dictates sequenced discovery and other scheduling considerations for bringing antitrust claims given *Noerr*. Nor does Mylan propose any schedule that would allow the Court to make this threshold "objective baselessness" determination (as *PRE* requires) before the conclusion of highly burdensome antitrust discovery.

2. The following key points demonstrate why Plaintiffs' proposed amended schedule is required and the current Scheduling Order cannot be maintained:

- The Court entered the current Scheduling Order that Plaintiffs are seeking to amend nearly three months ***before*** Mylan filed its current amended antitrust counterclaim.
- Mylan concedes that the current schedule is obsolete: "given the passage of the October 6, 2011 document production deadline, the Scheduling Order should be interpreted to allow the parties to move forward with antitrust document production immediately . . . ." Opp. [D.I. 88] at 3.
- Plaintiffs' proposed amended schedule does ***not*** unreasonably "compress" discovery, as Mylan misconstrues, (*see, e.g.*, Opp. [D.I. 88] at 5), but ensures more than five months of antitrust discovery on a rolling basis. Mylan concedes that a motion for summary judgment on "objective baselessness" ***can be resolved by May 2012***. Opp.

[D.I. 88] at 3 n.3, 5. In the unlikely event that Mylan's antitrust counterclaim were to survive summary judgment on "objective baselessness," then, the schedule guarantees an ***additional 90 days of discovery*** on improper subjective motivation, damages, market definition (e.g., the contours of the allergy and asthma market), and other antitrust issues that become relevant if, and only if, Mylan establishes "objective baselessness." In addition, Plaintiffs would commit to commence their rolling production of antitrust-related documents ***within 90 days of today, i.e., January 18, 2012***.

- Indisputably, Plaintiffs' proposed schedule ***accelerates the patent case***, ensures that final summary judgment motions are filed by October 2012, and maintains the Court's December 2012 Trial Pool, such that there is no delay.

- The Court likely will not have to entertain trials on both the patent ***and*** antitrust merits. This is because, pursuant to *PRE*, if a plaintiff's patent case presents an issue sufficiently "genuine" for purposes of Rule 56 of the Federal Rules of Civil Procedure to require a trial, then the patent case cannot be "objectively baseless." *PRE*, 508 U.S. at 61. In other words, if the patent case survives summary judgment, then the antitrust case is over, based on *PRE*. If, on the other hand the Court were to determine that the Plaintiffs' patent case were "objectively baseless," then that would compel dismissal of Plaintiffs' patent action and possibly permit (although not guarantee) trial of Mylan's remaining antitrust counterclaim.

3. In *PRE*, the Supreme Court made clear that sham litigation claims must be considered in two distinct phases. In the first phase, courts assess whether a lawsuit is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *PRE*, 508 U.S. 60. The second phase is reached "***[o]nly if*** challenged litigation is objectively meritless . . . ." *Id.* (emphasis added). The Supreme Court underscored the tremendous hurdle in maintaining a sham litigation claim given that mere probable cause is sufficient to defeat "objective baselessness." *Id.* at 62-65. The Court explained: "[p]robable cause to institute civil proceedings requires no more than a ***reasonable belief*** that there is a ***chance*** that a claim ***may*** be held valid upon adjudication." *Id.* at 62-63 (quoting *Hubbard v. Beatty & Hyde, Inc.*, 178 N.E.2d 485, 488 (Mass. 1961)) (internal quotation marks and alterations omitted) (emphasis added).

4. As recently as September 19, 2011 — about a month ago — Mylan ***agreed*** with Plaintiffs that the patent and antitrust claims should be ***sequenced***. According to Mylan:

> ***Mylan believes that there is great efficiency in resolving the issue of infringement up front.*** First, because Mylan's antitrust counterclaim is based on its allegation that Plaintiffs' assertion of infringement is frivolous, Mylan's antitrust counterclaim is necessarily dependent upon the underlying determination of infringement. If Mylan obtains a determination of noninfringement, then the litigation can proceed on Mylan's antitrust and patent invalidity claims. If, however, Plaintiffs prevail on this issue of infringement then there would be no need to proceed on Mylan's antitrust claim and the only issues remaining relate to patent invalidity.

Letter from D. Moore to the Hon. Judge Baylson dated September 19, 2011 [D.I. 77] (emphasis added).

5. In light of Mylan's recent position supporting sequenced discovery, Mylan's newfound opposition is incomprehensible and, under *PRE*, indefensible. Even now, Mylan concedes "the merits of sequencing patent and antitrust discovery in the abstract . . . ." Opp. [D.I. 88] at 5. Mylan, however, suggests that "Plaintiffs' proposed plan is unworkable and impractical," because the proposed schedule somehow does not allow sufficient time for antitrust discovery. *See* Opp. [D.I. 88] at 5. In fact, as Mylan concedes, Plaintiffs' proposal reflects "a rolling production of antitrust-related documents leading to a July 2, 2012, deadline for completion of their antitrust-related document production . . . ." Opp. [D.I. 88] at 5. Thus, Plaintiffs' proposed schedule contemplates approximately more than five months of antitrust documents being produced on a rolling basis (certain to begin no later than January 18, 2012) prior to the July 2, 2012 deadline.

6. Mylan also spends a great deal of time arguing that Plaintiffs somehow are trying to "[d]elay [a]djudication of Mylan's [c]laims," Opp. [D.I. 88] at 2 (heading), by filing motions to dismiss. Of course, Plaintiffs had every right to test Mylan's claims. Contrary to Mylan's contention that these efforts were "unsuccessful," the Court ***granted*** Plaintiffs' first motion to

dismiss Mylan's antitrust counterclaims. [D.I. 49-D.I. 50]. Plaintiffs' success forced Mylan to abandon its Section 1 claim and to add detailed factual allegations in support of what remained of its case on product market, monopolization, and the like.

7. Mylan misapprehends Plaintiffs' proposal by contending that Plaintiffs "seek a *stay in the absence of* trial bifurcation." Opp. [D.I. 88] at 10 (emphasis in original). ***Plaintiffs do not seek a stay***, just a reasonable discovery plan that complies with *PRE*. Plaintiffs' proposed schedule (i) ensures that the "objective baselessness" issue is addressed sooner than under the current schedule, (ii) allows for antitrust discovery on a rolling basis, and (iii) preserves the December 2012 Trial Pool that the Court has set. Because Mylan misconstrues Plaintiffs' position as seeking some kind of stay, Mylan relies on cases in which courts denied efforts to stay discovery. Opp. [D.I. 88] at 10-11, nn. 14-17. All of Mylan's cases are stay cases, and thus they are inapposite. Plaintiffs do not seek a stay.

8. In short, the Court should grant Plaintiffs' motion to amend the Scheduling Order. Not only has Mylan neglected to reconcile its opposition with the Supreme Court's decision in *PRE*, but Mylan has offered no convincing reason why it will be prejudiced by an amended schedule with reasonably sequenced tracks for the patent and antitrust claims.

Respectfully Submitted,

*/s/ Kristen Healey Cramer*
Kristen Healey Cramer (#4512)
Karen R. Poppel (#5373)
CONNOLLY BOVE LODGE AND HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
kcramer@cblh.com
*Attorneys for Plaintiffs / Counter-Defendants Shionogi Pharma, Inc. and CIMA LABS INC.*

*Of Counsel:*
David A. Manspeizer
WILMERHALE
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
david.manspeizer@wilmerhale.com

Ryann M. Muir
WILMERHALE
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

ryann.muir@wilmerhale.com
*Attorneys for Plaintiffs / Counter-Defendants*
*Shionogi Pharma, Inc. and CIMA LABS INC.*

J. Mark Gidley
Noah A. Brumfield
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
mgidley@whitecase.com
nbrumfield@whitecase.com
*Attorneys for Plaintiff / Counter-Defendant*
*Shionogi Pharma, Inc.*

Dated: October 20, 2011

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th of October 2011, I electronically filed the **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR AN AMENDED SCHEDULING ORDER FOLLOWING PRETRIAL CONFERENCE** with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that on the 20th of October 2011, I caused to be served true and correct copies of the **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR AN AMENDED SCHEDULING ORDER FOLLOWING PRETRIAL CONFERENCE** on the following counsel as indicated below:

*Via Electronic Mail:*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – 6th Floor
1313 N. Market Street
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Matthew J. Urbanawiz
David Kuklewicz
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Matt.urbanawiz@alston.com
David.kuklewicz@alston.com

*Via Electronic Mail:*
Thomas J. Parker
Natalie C. Clayton
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
Thomas.parker@alston.com
Natalie.clayton@alston.com

*/s/ Kristen Healey Cramer*
Kristen Healey Cramer (#4512)
Connolly Bove Lodge and Hutz LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
kcramer@cblh.com

4517099v1