**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SHIONOGI PHARMA, INC., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MYLAN, INC. et al. | : | NO. 10-1077 |

## ORDER RE: SEQUENCING DISCOVERY

A dispute has arisen among the parties concerning the sequencing of discovery.

Plaintiffs' Complaint asserts infringement of a patent, and Defendants have asserted an antitrust

counterclaim that Plaintiffs' patent infringement claim is "objectively baseless." The Court

previously entered a Scheduling Order dated April 1, 2011 (ECF No. 34). This Order required

that all fact discovery be completed by February 22, 2012, and other pretrial proceedings be

completed so that the trial could take place in December 2012, although both parties had

requested a longer period of pretrial proceedings resulting in a trial sometime in 2013.

The Court had a conference with counsel on September 22, 2011, and inquired whether

sequencing discovery as to any claims would lead to efficiency without sacrificing fairness.

Plaintiffs have now moved for an amended scheduling order, requesting the Court require

discovery on the patent infringement claim be accelerated and completed before discovery

proceeds on the antitrust counterclaim (ECF No. 84).

Defendants' counterclaim, paragraph 32, states "Counterclaim-Defendants' infringement

action against Mylan Pharma is a sham, without objective basis, in bad faith, and solely for the

purpose of interfering directly with Mylan Pharma to the detriment of competition in the alleged

relevant antitrust market defined below." (ECF No. 53). Professional Real Estate Investors, Inc.

1

v. Columbia Pictures Industries, Inc., 508 U.S. 49 (1993) ("PRE"), outlined the requirements of a "sham" patent infringement claim as being appropriate grounds for an antitrust claim. This Court's Order denying Plaintiffs' Motion to Dismiss the amended antitrust counterclaim discussed PRE briefly. Plaintiffs rely on PRE for their position that discovery in this case should initially focus on the "sham" allegation. The Court does not agree with Plaintiffs that PRE requires a district court to sequence discovery in a case of this nature, but at the same time, there are sound reasons of good case management to grant Plaintiffs' request, in part.

The Court agrees that this is a threshold issue which may possibly be determined on a motion for summary judgment, filed by either Plaintiffs or Defendants. If Defendants were to file a motion for summary judgment on this issue, and it were granted, the Plaintiffs' patent infringement claim would be dismissed. On the other hand, if Plaintiffs were to file and win such a motion, then the antitrust counterclaim would be dismissed. If any motion filed for summary judgment on the "sham" doctrine is unsuccessful, then the parties can move on and complete discovery on the other issues in the case, and leave the "sham" issue for trial.

The Court discerns that the issue of whether the Plaintiffs' claim is a "sham" to be markedly limited, and also different from the very "technical" patent issues at the core of Plaintiffs' infringement claim,[1] and also very different from the "economic" issues at the core of Defendants' monopolization counterclaim.

The Court also notes that a letter dated September 20, 2011 from Plaintiffs' counsel represents that both parties were in agreement about adjusting the pretrial schedule and suggested

---

[1] A brief review of the claim construction briefs filed on October 31, 2011 has in part contributed to the decision to sequence discovery.

that both parties were in agreement that the first matter for a decision was whether Plaintiffs'
patent claim has any objective basis. However, Defendant also wanted to separate issues of
patent infringement from patent validity.

In the briefs on this Motion, Defendants forecasted great difficulties if discovery were
sequenced. The Court is aware that problems may arise, but believes the provisions set forth
below may be utilized to avoid or minimize problems.

Accordingly, it is hereby ORDERED as follows:

1.      Discovery on facts directly related and/or relevant on the "sham" issue shall be
accelerated and completed by December 22, 2011.

2.      The Court will not accept expert reports on this issue.

3.      Any motions for summary judgment on this issue shall be filed by January 13,
2012. Responses shall be due January 27, 2012 and reply briefs, limited to ten (10) pages, by
February 1, 2012.

4.      The Court will schedule oral argument for February 2, 2012 at 10:00 a.m. in
Courtroom 3A, U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, and will expedite
its decision on this issue as promptly as possible.

5.      The parties shall continue discovery on other issues. The Court states a
preference that overly expensive and third-party discovery on the core patent infringement issues
and the monopolization issues should await the Court's decision on the "sham" litigation issue.
The Court recognizes that there may be disputes as to what discovery should proceed prior to its
decision on the "sham" issue, but will be available to counsel for telephone conferences to
resolve disputes that may arise on this topic.

7.    The Court extends the deadlines for all fact discovery to March 31, 2012.

8.    Further dates for expert reports and dispositive motions on other issues will be set at a further case management conference, to be scheduled when the Court decides the "sham" litigation issue.

9.    The Court intends to try this case in December 2012.

10.    Plaintiffs' Motion for Amended Scheduling Order following Status Conference (ECF No. 84) is GRANTED in part and DENIED in part.

BY THE COURT:

Date: 11/1/11

_____

Michael M. Baylson, U.S.D.J.

O:\DE Cases\10-1077 Shionogi v. Mylan\Shionogi v. Mylan Ordersequencing discovery.wpd

4