## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHIONOGI PHARMA, INC. and CIMA LABS INC., | ) ) ) |
| Plaintiffs, | ) ) C.A. No. 10-1077-MMB ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| MYLAN PHARMACEUTICALS INC., | ) **PUBLIC VERSION** ) |
| Defendant. | ) |

### LETTER TO THE HONORABLE MICHAEL M. BAYLSON FROM DAVID E. MOORE

cc: PA Clerk of Court (via federal express)
DE Clerk of Court (via hand delivery)
Counsel of Record (via electronic mail)

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated: November 8, 2011
Public Version Dated: November 16, 2011
1034574 / 36324

*Attorneys for Defendant Mylan Pharmaceuticals Inc.*



**Potter Anderson & Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**David E. Moore**
**Partner**
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

November 8, 2011; November 16, 2011

**VIA EFILING and FACSIMILE**

The Honorable Michael M. Baylson
United States District Court
    for the Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1727

**PUBLIC VERSION**

    Re: *Shionogi Pharma, Inc. et al. v. Mylan Pharmaceuticals Inc.*,
        C.A. No. 10-1077-MMB (D. Del.)

Dear Judge Baylson:

    Pursuant to the Court's November 1, 2011 Scheduling Order (D.I. 95), Mylan writes to raise a discovery issue with the Court that requires expedited treatment. Because Plaintiffs filed a declaration from one of the inventors of the patent-in-suit (Dr. Khankari) that both interprets the patent and offers the inventor's opinions about the patent,[1] Mylan has requested that Plaintiffs make him available for deposition prior to Mylan filing its responsive claim construction brief. Plaintiffs have refused.[2]

---

[1] Mylan understands that Plaintiffs take the position that Dr. Khankari's declaration only contains verifiable "facts" and does not contain any opinions whatsoever. Mylan disagrees. Dr. Khankari's declaration provides his understand and opinion of claim terms and embodiments in the patent, including his opinion on how to apply Mylan's proposed construction even though it does not formally state that "it is my opinion that ...." (*see, e.g.*, Khankari Decl. at ¶¶ 9-19). Additionally, the declaration concludes with the classic language found in expert reports, that Dr. Khankari "reserve[s] the right to supplement the statements made in this declaration in response to claim construction arguments or proposals put forth by Mylan subsequent to the filing of this declaration."

[2] Mylan requested Plaintiffs make Dr. Khankari available for deposition on last Wednesday, November 2, 2011 and requested his availability. Plaintiffs responded on Friday, November 4, stating, "we do not believe that a deposition of Dr. Khankari is required at this time." The parties met and conferred on Friday, November 4, and yesterday, November 7, where Mylan requested that Plaintiffs either withdraw his declaration, or make him available for deposition. Plaintiffs refused to withdraw the declaration and maintained their refusal to make him available.

Accordingly, Mylan seeks an order compelling Dr. Khankari's attendance at a deposition limited solely to topics related to claim construction, including the issues raised in his declaration, at least two days before Mylan's responsive claim construction brief is due. Mylan envisions this deposition lasting no more than three hours.

Plaintiffs have raised two objections to making Dr. Khankari available. First, they expressed concern that limiting the deposition to claim construction is not sufficiently narrow. To address that concern, Mylan has proposed limiting the deposition to three hours. Moreover, Plaintiffs' objection is without merit. Plaintiffs are attempting to use Dr. Khankari's opinions on the meaning of the patent-in-suit as both a sword and a shield. For example, he offers his interpretation of different passages of the patent, including the different elements of Example 2 in the patent (¶ 10), and the meaning of the word "adsorbate" as it relates to claim construction, *including Mylan's proposed construction* [REDACTED]

Meanwhile, Plaintiffs seek to use Dr. Khankari's narrowly written declaration as a shield to prevent additional discovery into his understanding of other terms in the patent, including the term "spacing layer," and Plaintiffs' own proposed constructions. Plaintiffs should not be allowed to have it both ways. By submitting Dr. Khankari's declaration and directly interjecting his opinions on claim construction—to the extent they are even probative or relevant—fairness requires that Mylan be allowed to inquire into all of his opinions on claim construction.

Plaintiff's second objection, how to handle the deposition of Mylan's declarant if Mylan were to submit an expert declaration, is equally unavailing. While Mylan has agreed to make a declarant available for deposition, Plaintiffs are concerned that the Court would not accept additional briefing from Plaintiffs related solely to issues arising from such a deposition. Plaintiffs' speculative concerns, however, do not justify their refusal to provide the requested discovery.

Because Plaintiffs are seeking to use Dr. Khankari's declaration as both a sword and shield, and the requested deposition is not otherwise improper, Mylan respectfully requests an order compelling a three-hour deposition of Dr. Khankari. In light of limited time before the parties' responsive claim construction briefs are due, Mylan also requests that it be given a minimum of two days after the deposition to file its responsive claim construction brief, which may require extending the current response due date for both parties.

Respectfully,

/s/ David E. Moore

David E. Moore

DEM/nmt
1035858 / 36324

---

To ensure this issue was ripe for the Court's resolution, Mylan served a Rule 45 subpoena on November 7 seeking a deposition on Friday, November 11.

The Honorable Michael M. Baylson
November 8, 2011; Public Version Dated: November 16, 2011
Page 3

cc:    PA Clerk of Court (via federal express)
       DE Clerk of Court (via hand delivery)
       Counsel of Record (via electronic mail)