IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHIONOGI PHARMA, INC. and<br>CIMA LABS INC.,<br><br>        Plaintiffs,<br><br>        v.<br><br>MYLAN PHARMACEUTICALS INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 10-1077-MMB<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

## NOTICE OF 30(b)(6) DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rules 26.2 and 30.1 of the Local Rules of the United States District Court for the District of Delaware, Defendant Mylan Pharmaceuticals Inc. ("Mylan"), through counsel, will take the deposition upon oral examination under oath of Plaintiffs Shionogi Pharma, Inc. and CIMA LABS INC. (collectively "Plaintiffs"), on December 7, 2011, beginning at 10:00 a.m., or at such other place and time that the parties may agree and continue from day-to-day until completed, excluding Saturday, Sunday, and holidays. The deposition will take place at the office of Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, GA 30309, before a notary public or other officer authorized by law to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(3), testimony of the witness or witnesses will be recorded by stenographic or audiovisual means, or both.

Plaintiffs are directed pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf regarding each topic in Schedule 1, attached hereto. The persons so designated shall testify as to the matters known or reasonably available to Plaintiffs.

At least five (5) business days prior to the noticed date, Plaintiffs shall designate in writing each person who will testify on their behalf and the subject matters identified in Schedule 1 as to which designee shall testify.

Mylan reserves the right to obtain future deposition testimony on related or similar topics, including from the same witness or witnesses, to the extent the deposition testimony relates or pertains to elements other than sham litigation.

POTTER ANDERSON & CORROON LLP

| | |
|---|---|
| OF COUNSEL: | By: */s/ David E. Moore*<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983) |
| Thomas J. Parker<br>Natalie C. Clayton<br>ALSTON & BIRD LLP<br>90 Park Avenue<br>New York, NY 10016<br>Tel: 212-210-9444 | Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| Dated: November 21, 2011<br>1036502 / 36324 | *Attorneys for Defendant Mylan Pharmaceuticals Inc.* |

## SCHEDULE 1

### Definitions

1. "Shionogi," "you" or "your" means plaintiff Shionogi Pharma Inc., and all past or present parents, subsidiaries, members, and/or affiliated or controlled entities or joint-ventures thereof, and any person or entity, past or present, acting or purporting to act on their behalf, including, but not limited to, all past and present officers, directors, executives, partners, employees, affiliates, attorneys, accountants, agents, consultants, or representatives.

2. "CIMA," "you" or "your" means plaintiff CIMA Labs Inc., and all past or present parents, subsidiaries, members, and/or affiliated or controlled entities or joint-ventures thereof, and any person or entity, past or present, acting or purporting to act on their behalf, including, but not limited to, all past and present officers, directors, executives, partners, employees, affiliates, attorneys, accountants, agents, consultants, or representatives.

3. "Plaintiffs" means both Shionogi and CIMA, as defined directly above.

4. "Person" means any natural person or any business, legal, governmental, or other entity or association, including but not limited to, private and public partnerships, associations, corporations, joint ventures, sole proprietorships, firms, and governments, and the officers, directors, partners, employees, former employees, representatives, and agents of such entity or association.

5. "Communication" means any transmission, transfer, or exchange of information (in the form of facts, ideas, inquires or otherwise) by any means, including, but not limited to, any spoken, written, printed, typed, electronic, photographed, recorded, or otherwise reproduced communication or representation.

6. "Including" means without limitation.

7. "The '341 patent" means U.S. Patent No. 6,740,341 entitled "Taste Masking Rapid Release System."

8. "Orapred ODT®" means any product sold by CIMA or Shionogi under the trade name Orapred ODT®.

9. "ANDA" means an Abbreviated New Drug Application submitted to the U.S. Food and Drug Administration.

10. "Mylan's ANDA" means ANDA No. 202-179.

11. "Mylan's Proposed Product" means the prednisolone orally disintegrating tablets (10, 15, and 30 mg) referenced in Mylan's ANDA.

12. "Regarding" or "concerning" means, without limitation, relating to, referring to, having any relationship to, constituting, containing, consisting of, summarizing, demonstrating, reflecting, evidencing, involving, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, embodying, identifying, stating, listing, indicating, pertaining to, prepared in connection with, used in preparation for, used in connection with, supporting, contradicting, undermining, nullifying, commenting upon, or being in any way legally, logically, or factually connected with the subject matter of the particular request or interrogatory.

13. The words "all," "any" and "each" shall be construed to mean "each and every."

**Deposition Topics**

1. The factual bases for Plaintiffs' patent infringement claims against Mylan in this action.

2. Plaintiffs' analyses of the chances of the success of their patent infringement claims against Mylan in this action.

3. Plaintiffs' construction, interpretation or definition of any and all terms of the asserted claims of the '341 patent.

4. Any investigation or analysis conducted by, or on behalf of Plaintiffs, including any investigation of the infringement of the '341 patent.

5. The factual basis for Plaintiffs' assertion, allegation or position that Mylan's Proposed Product will infringe the '341 patent.

6. The identity and role of all employees, consultants, and counsel who received, analyzed, evaluated, discussed, or otherwise came into contact with the Notice of Paragraph IV Certification contained in Mylan's ANDA.

7. The identity and role of all employees, consultants, and counsel who received, analyzed, evaluated, discussed, or otherwise came into contact with samples of Mylan's Proposed Product.

8. The process by which Plaintiffs tested samples of Mylan's Proposed Product, the results of any such testing, who any results of the testing were communicated to, and the contents of those communications.

9. Plaintiffs' knowledge or belief at the time of filing their patent infringement claims concerning whether the initiation of this lawsuit would initiate a stay of final approval of Mylan's Proposed Product as provided under Section 355(j)(5)(B)(iii) of Title 21 of the United States Code.

10. Plaintiffs' policies concerning compliance with United States antitrust and competition laws, and the extent to which those policies were followed in Plaintiffs' initiation of its patent infringement litigation against Mylan.

11. Plaintiffs' belief at the time of the institution of this litigation concerning the effect of the entry of a generic version of Orapred ODT® on the market share, price, sales and profits of Orapred ODT®.

12. All efforts to mitigate the effects of competition from generic drugs on the sale and profitability of Orapred ODT®, including any decisions to seek to enforce patents related to Orapred ODT®.

13. Plaintiffs' policies and procedures for considering and filing patent infringement lawsuits against generic drug manufacturers, and all factors considered and activities engaged in in its evaluation of and decision to bring the current lawsuit, including any internal procedures for analyzing whether Mylan's Proposed Product infringed Plaintiffs' patents.

14. Plaintiffs' business strategy and plans for marketing and pricing Orapred ODT®, to the extent they relate to or discuss the effect of actual or potential competition from generic versions of Orapred ODT®.

15. The respective roles of CIMA and Shionogi in the decision to initiate this litigation against Mylan, any financial arrangements between the two relating to the litigation and the division of decision-making authority related to the litigation.

16. Plaintiffs' expectations, at the time of filing the patent infringement claims, as to whether they would win or lose this case.

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on November 21, 2011, true and correct copies of the within document were served on the following counsel of record at the addresses and in the manner indicated:

**VIA ELECTRONIC MAIL**

Kristen Healey Cramer
Karen R. Poppel
Connolly Bove Lodge and Hutz LLP
1007 N. Orange Street
Wilmington, DE  19899
kcramer@cblh.com
kpoppel@cblh.com

J. Mark Gidley
Noah A. Brumfield
Eric Grannon
Jaime M. Crowe
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
(202) 626-3600
mgidley@whitecase.com
noah.brumfield@whitecase.com
egrannon@whitecase.com
jcrowe@whitecase.com

David A. Manspeizer
Robert J. Gunther, Jr.
Jane M. Love
Anne-Marie C. Yvon
WilmerHale
399 Park Avenue
New York, NY  10022
David.manspeizer@wilmerhale.com
Robert.gunther@wilmerhale.com
Jane.love@wilmerhale.com
Anne-marie.yvon@wilmerhale.com

Ryann M. Muir
WilmerHale
60 State Street
Boston, MA  02109
Ryann.muir@wilmerhale.com

                    */s/ David E. Moore*
                       David E. Moore

1006664 / 36324