**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SHIONOGI PHARMA, INC. AND CIMA LABS INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MYLAN PHARMACEUTICALS INC., <br><br> Defendant. | C.A. No. 10-1077-RGA |

## STIPULATION AND ORDER OF DISMISSAL

Whereas this action for patent infringement (the "Patent Litigation") has been brought by Shionogi Inc. ("Shionogi," formerly known as Sciele Pharma, Inc.) and CIMA LABS INC. ("CIMA") against Defendants Mylan Pharmaceuticals Inc. and Mylan Inc. (together "Mylan") (collectively, Shionogi, CIMA and Mylan may be referred to as "the Parties") for alleged infringement of United States Patent No. 6,740,341 B1 ("the '341 patent");

Whereas this Court has subject matter jurisdiction over the above-captioned patent infringement action and has personal jurisdiction over Shionogi, CIMA, and Mylan;

Whereas Mylan does not contest personal jurisdiction for the purposes of the Patent Litigation;

Whereas venue is proper in this Court as to Shionogi, CIMA, and Mylan;

Whereas Mylan does not contest venue for the purposes of the Patent Litigation;

Whereas in this Patent Litigation, Shionogi and CIMA have charged Mylan with infringement of the '341 patent;

Whereas the '341 patent is owned by CIMA, and CIMA has granted Shionogi an exclusive license to the '341 patent in the United States with regard to orally disintegrating tablets containing prednisolone sodium phosphate, prednisolone or any salt or base thereof;

Whereas Shionogi holds New Drug Application ("NDA") No. 21-959 for 10 mg, 15 mg, and 30 mg prednisolone sodium phosphate orally disintegrating tablets and Shionogi markets these tablets in the United States under the trade name "Orapred ODT®;"

Whereas the '341 patent is listed for Orapred ODT® in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") published by the United States Food & Drug Administration ("FDA");

Whereas the commencement of the Patent Litigation by Shionogi and CIMA was based on Shionogi and CIMA's receipt of notice from Mylan that Mylan had filed Abbreviated New Drug Application 202-179 (the "Mylan ANDA") with the FDA containing a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) directed to the '341 patent and seeking approval for the commercial manufacture, use, and sale of 10 mg, 15 mg, and 30 mg prednisolone sodium phosphate orally disintegrating tables ("Mylan's ANDA Products");

Whereas in response to the charges by Shionogi and CIMA of patent infringement, Mylan has alleged certain defenses and counterclaims, including that the '341 patent is invalid, unenforceable, and not infringed by Mylan's generic products defined by the Mylan ANDA;

Whereas, to date, this Court has not ruled on Shionogi's and CIMA's charges of patent infringement against Mylan, nor Mylan's defenses;

Whereas, no Party concedes that its claims, defenses, or counterclaims lack merit;

Whereas the Patent Litigation has been hard fought and expensive to plaintiffs and to defendants;

Whereas on November 29, 2011, in the context of Mylan's antitrust counterclaim alleging that Shionogi and CIMA's patent litigation was a sham, the Court in the Eastern District of Pennsylvania reviewed the legal opinions of Shionogi's pre-complaint patent counsel at Paul Hastings and Finnegan Henderson;

Whereas by Order issued December 21, 2011, that Court determined that, pursuant to Rule 502(a) of the Federal Rules of Evidence, Shionogi's limited and controlled disclosure of those opinions to the Court and to Mylan's counsel did not constitute a broad waiver of the attorney-client privilege;

Whereas subsequently, pursuant to a joint stipulation filed by the Parties, on December 22, 2011, the Court dismissed without prejudice Mylan's sham antitrust counterclaim;

Whereas Shionogi, CIMA, and Mylan have entered into a good-faith final Settlement and License Agreement regarding this Patent Litigation, on the expectation and belief that this settlement would eliminate the substantial litigation costs, risks, and uncertainty that would otherwise be incurred and experienced by the parties during the Patent Litigation, while also serving the public interest by saving judicial resources and avoiding the risks to each of the parties associated with continued litigation;

Whereas the reasonable final settlement will afford the Parties the pro-competitive opportunity to more productively use resources that would have been spent in the continued prosecution and defense of this Patent Litigation, to the benefit of the parties and consumers alike, such as by investing more resources into pharmaceutical research and development;

Whereas under the Settlement and License Agreement entered into by Shionogi, CIMA, and Mylan, Mylan was granted the right to market generic versions of products covered by the '341 patent no later than April 1, 2014, allowing entry of generic versions of Orapred ODT® approximately five years in advance of the June 24, 2019 expiration of the '341 patent;

Whereas in addition to preserving Mylan's 180-day exclusivity, the Settlement and License Agreement provides Mylan with the possibility of up to six weeks of market exclusivity from competition by an authorized generic;

Whereas Shionogi, CIMA, and Mylan acknowledge there is significant risk and uncertainty to each of them associated with continued prosecution and defense of this Patent Litigation, and each has consented to entry of this Order of Dismissal through a final settlement as reflected herein;

Whereas this settlement resolves all litigation involving the Mylan ANDA among the Parties;

In consideration of the above factual representations, the request and consent of the Parties and upon due consideration of the Settlement and License Agreement, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. All claims, counterclaims, and affirmative defenses presented by Shionogi, CIMA, or Mylan in this Patent Litigation are hereby dismissed without prejudice;

2. Shionogi and/or CIMA will not themselves begin, nor directly or indirectly authorize any entity, including but not limited to their respective Affiliates and Third Parties, to begin, to distribute, market, or offer to sell an Authorized Generic ORAPRED ODT® Product under NDA No. 21-959, or a Generic ORAPRED ODT® Product in the Territory, for a period of six (6) weeks after the Actual Launch Date; provided, however, that in no event shall the limitations on Shionogi/CIMA extend past February 12, 2015;

3. Shionogi, CIMA, and Mylan, each expressly waives any right to appeal or otherwise move for relief from this Order of Dismissal;

4. This Court retains jurisdiction over Shionogi, CIMA, and Mylan for purposes of enforcing and interpreting this Order of Dismissal;

5. The Clerk of the Court is directed to enter this Order of Dismissal forthwith.

**IT IS SO STIPULATED:**

| CONNOLLY BOVE LODGE & HUTZ  LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| /s/ Keith A. Walter, Jr. | /s/ David E. Moore |
| Keith A. Walter, Jr. (#4517) | Richard L. Horowitz (#2246) |
| 1007 N. Orange Street | David E. Moore (#3983) |
| P.O. Box 2207 | Hercules Plaza, 6th Floor |
| Wilmington, DE  19899 | 1313 North Market Street |
| (302) 658-9141 | Wilmington, Delaware 19801 |
| kwalter@cblh.com | (302) 984-6000 |
| | rhorowitz@potteranderson.com |
| *Attorneys for Plaintiff Shionogi Pharma, Inc. (formerly Sciele Pharma, Inc. and CIMA LABS INC.* | dmoore@potteranderson.com |
| | *Attorneys for Defendants Mylan Inc. and Mylan Pharmaceuticals Inc.* |
| *Of Counsel:* | *Of Counsel:* |
| David A. Manspeizer | Thomas J. Parker |
| WILMERHALE | Alston & Bird LLP |
| 399 Park Avenue | 90 Park Avenue |
| New York, NY 10022 | New York, New York 10016 |
| Telephone: (212) 230-8800 | (212) 210-9444 |
| david.manspeizer@wilmerhale.com | thomas.parker@alston.com |
| | |
| Ryann M. Muir | |
| WILMERHALE | |
| 60 State Street | |
| Boston, MA 02109 | |
| Telephone: (617) 526-6000 | |
| ryann.muir@wilmerhale.com | |

**SO ORDERED:**

This _____ day of _____, 2012

                                                                                                   _____
                                                                                                   The Honorable Judge Richard G. Andrews